UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
NORTHERN DIVISION

Case No.: 00-6014-CR-HURLEY/VITUNAC

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

RUDOLPH THOMPSON,

    Defendant.
_____/

## PRETRIAL DETENTION ORDER

The Court, pursuant to 18 U.S.C. §3142, commonly known as the Bail Reform Act of 1984, hereby **ORDERS** the defendant, RUDOLPH THOMPSON, **DETAINED** pursuant to the provisions of Sections (e), (f).

The Court specifically finds that no conditions or combinations of conditions will reasonably assure the appearance of the defendant as required and the safety of the community in that there is a serious risk that the defendant will flee and/or a serious risk that the defendant will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate a prospective witness or juror.

The Court makes the following findings of fact with respect to the Order for

1



Detention:

Factors:

a) The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug.

The defendant stands indicted in a one count indictment with possession with intent to distribute crack cocaine. If he is convicted, he faces a five year mandatory minimum period of incarceration up to 40 years and a two million dollar fine. The defendant has prior drug convictions which could be used to enhance his sentence in the instant case to a ten year mandatory minimum up to life imprisonment.

b) The weight of the evidence against the defendant.

The weight of the evidence against the defendant is not great. This case is based entirely on the testimony of a confidential informant who allegedly bought drugs from the defendant. The confidential informant was wearing a tape recorder, however, no conversation appears to be about drugs. The confidential informant was searched and found not to have any contraband on his person, he left and came back to the surveilling agents with nine grams of crack cocaine. The agents lost sight of the confidential informant for a period of time and admit that more than defendant THOMPSON was present in the area at the time the drug buy allegedly occurred.

c) The history and characteristics of the defendant.

The defendant has been arrested numerous times and has used four different names and three different dates of birth. At the time this offense is alleged to have been committed, the defendant was already on bail on a prior felony arrest from state court. At

the time that prior state court arrest occurred, he was on bail from yet another prior felony arrest in state court.

This sale to the confidential informant took place on September 2, 1999. The defendant was arrested in January of 2000 for that offense after indictment in federal court. A search of his residence revealed two five dollar baggies of marijuana in the house but no cocaine nor any paraphernalia.

    d)    The nature and seriousness of the danger to any person or the community that would be posed by the defendant's release.

Though the evidence in this case is weak at best, the defendant has not produced any evidence to rebut the presumption of detention in this case. By the indictment, a grand jury found probable cause to believe that the defendant committed the offense with which he is charged. This defendant has a substantial prior criminal history with at least three prior felony convictions including convictions for drug charges and an arrest for armed robbery reduced to robbery with a two year prison sentence. The defendant was on bond on two state felonies at the time of his arrest in the instant case.

This court finds that there are no conditions of release which will reasonably assure both the safety of the community and the defendant's presence in court if he is released. He is **ORDERED DETAINED**.

IT IS HEREBY **ORDERED** that the defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

The Court also directs that the defendant be afforded reasonable opportunity for private consultation with counsel; and the Court directs that, on order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the defendant is confined deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

**DONE and ORDERED** in Chambers this January 25, 2000, at West Palm Beach in the Northern Division of the Southern District of Florida.

ANN E. VITUNAC
UNITED STATES MAGISTRATE JUDGE

Copies to:

Janice LeClainche, AUSA
Gary Kollin, Esq.
U.S. Marshal
U. S. Pretrial Services